Nelson Smith & others *vs.* Benjamin Aldrich & another.

In an action to recover for the conversion of property, the plaintiffs, some of whom were described as executors of the wills of deceased persons, claimed title under a purchase made forty years ago.  The defendants contended that the purchasers acted simply as the committee of a parish, and that the title vested in the parish, under whom the defendants held.  One of the plaintiffs testified that no writing was taken from the vendor, at the time of the purchase, and that the purchase was made prior to 1828.  To disprove the plaintiffs' case, the defendants were allowed to put in evidence a receipt, found among the parish records, and in the handwriting of the testator of one of the plaintiffs, dated in 1828, signed by the vendor, and acknowledging the receipt, from the purchasers, of a certain sum in full for the property.  *Held*, that this evidence was rightly admitted.

In such action, declarations of one who claimed as a part owner with the plaintiffs of the property, but now deceased, are not competent evidence in favor of the defendants, if the interest of such deceased part owner is not represented in the suit.

Tort to recover for the conversion of five thousand feet of hewn stone.  The plaintiffs, by an amendment which was consented to, were Nelson Smith, executor of the will of Bela Burnett; Reuben R. Eastman; Zebina Moody; David Smith, executor of the will of David Smith, and Frederick Taylor, administrator of the estate of Chester Smith.  The answer denied the plaintiffs' title, and the alleged conversion.

At the trial in the superior court, before *Wilkinson*, J., it appeared that the stone in question was the underpinning and steps for the meeting-house in Granby, which was the subject of controversy in *Damon* v. *Granby*, 2 Pick. 345; the report of which case was by consent put in evidence.  The stone was furnished by Arza Burnett, under the expectation that the town would pay the expense; but before the underpinning was laid the town rejected the proposed site, which was land of one Cook.

The plaintiffs claimed title to the stone under a purchase from

Burnett; and Reuben R. Eastman, one of the plaintiffs, testified that after the decision in *Damon* v. *Granby*, Arza Burnett sold the same for $320 to certain persons, the arrangement being made with David Smith, Chester Smith, himself, Bela Burnett, and Zeriel Preston, who furnished $300, the residue being raised by subscription from members of the parish; that no writing was taken from Arza Burnett at the time; and he was certain that the transaction was earlier than 1828.

The defendants introduced evidence that in 1821 the West Religious Society, under whom they claimed title by purchase, was organized in Granby; and, to disprove the case of the plaintiffs, they offered in evidence a paper, dated March 5th 1828, signed by Arza Burnett, the body of which was in the handwriting of David Smith, the testator of one of the plaintiffs, and which was found among the papers of the parish, as follows : "Received of David Smith, Reuben R. Eastman and others three hundred and three dollars and ninety-one cents, in full of a demand of mine for the underpinning and steps of the meeting-house on Cook's hill.    Arza Burnett."    The parish committee for 1828 were David Smith, Chester Smith and Reuben R. Eastman.    There was also evidence tending to show that the purchase from Arza Burnett was made in behalf of the parish.

Zeriel Preston was originally joined as a plaintiff in the action, but died shortly before the trial, and, no administrator having been appointed, the plaintiffs amended by consent, leaving him out.    The defendants were allowed, against the plaintiffs' objection, to prove certain declarations of Preston, to the effect that he never made any claim to the meeting-house separate from the rest of the parish.

The jury returned a verdict for the defendants, and the plaintiffs alleged exceptions.

*H. Morris*, for the plaintiffs, as to the declarations of Preston, cited *Edgerton* v. *Wolf*, 6 Gray, 453; *Putney* v. *Lapham*, 10 Cush. 232, and cases cited; *Hodges* v. *Hodges*, 2 Cush. 455.

*J. Wells*, for the defendants.

BIGELOW, C. J.    The receipt bearing date March 5th 1828

was clearly admissible. It appeared on its face to have had reference to the property in controversy; it was signed by the person under whom the plaintiffs claimed to have derived their title; it was in the handwriting of the testator of one of the plaintiffs, who was also one of the persons to whom it purported to have been given; it was found among the papers belonging to the parish of which said testator was an officer at the time it bears date; and it was in the custody of the present clerk of the parish, he having received it with the records and other documents belonging to the parish from Chester Smith, who was a former clerk of the parish, and whose administrator is one of the plaintiffs. Under these circumstances, the document was competent on two grounds; it was, in view of the facts proved in relation to it, in the nature of an admission respecting the subject matter of the suit by persons whose immediate representatives are plaintiffs in the action; it was also a link in the chain of evidence relating to a transaction which took place nearly forty years ago, directly connected with the title to the property in controversy. It cannot be said that it was an attempt to affect the plaintiffs' alleged title by a writing or declaration made subsequent to the time when their title accrued. The point of time when the original owner parted with the property was not proved or agreed by the parties, but was a material fact in issue between them, and this evidence tended to show that the title claimed by the plaintiffs did not accrue at the time alleged by them. It seems to us, therefore, that the objections urged against the competency of the receipt are untenable.

But upon another point the ruling of the court was erroneous. The declarations of Preston concerning the title to the property in controversy were inadmissible. He is not a party to the record, nor do any of the plaintiffs claim title under him. The suit is not prosecuted for his interest in the property by his executor or administrator; nor in the name of the surviving joint owners of the property for the interest of said Preston therein, as well as for their own, under Gen. Sts. *c.* 127, § 11. By the amendment to the writ, which was allowed by agreement of parties, the name of said Preston is stricken out of the record.

His death does not appear to have been suggested, nor does the amendment in any way indicate that it was made in consequence of his death, or that the suit is prosecuted by those whose names remain as plaintiffs, as surviving joint owners of the property for the interest of all. Looking at the record only, the action stands in the names of the persons as plaintiffs who are designated in the amendment, prosecuting the suit for their own interest in the property, in like manner as if Preston was still living, or had died before the commencement of the action. For aught that we can see, the executor or administrator of Preston may well maintain a separate action to recover for his proportion of the property which the defendants are alleged to have converted. If some of several part owners of a chattel sue for a tort, omitting to join all the owners as plaintiffs, and the defendant does not plead in abatement, the damage will be apportioned, so that the plaintiffs can recover for their own interest only, and the other part owners may afterwards sue alone for the injury to their undivided portion of the property, to which last action the defendant cannot plead in abatement. 1 Chit. Pl. (6th Amer. ed.) 66. *Sedgworth* v. *Overend*, 7 T. R. 279. *Bloxam* v. *Hubbard*, 5 East, 407.

It would seem to be clear, therefore, that the declarations of Preston were inadmissible as against the plaintiffs. He was not a party to the record, nor did the plaintiffs represent his interest in the property. He could not affect their rights by statements in the country to which they were not party or privy.                                        *Exceptions sustained.*